# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DAWN FERGUSON, individually and )
as next of kin of her husband, Tague )
Ferguson, deceased, )
                                            )
                       Plaintiff, )
                                            )
vs. )    Case No. CIV-15-178-M
                                            )
UNITED STATES OF AMERICA, )
                                            )
                     Defendant. )

## ORDER

Before the Court is plaintiff's Motion to Withdraw Plaintiff's Motion for Trial Date Certain and Motion to Extend Deadlines, filed February 5, 2016. On February 8, 2016, defendant filed its response, and on February 12, 2016, plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

This is a wrongful death action. Plaintiff alleges that agents, servants, and/or employees of defendant failed to diagnose and treat her husband Tague Ferguson's medical condition, i.e., pulmonary thromboembolism, resulting in Mr. Ferguson's death. This case is currently on the Court's March 2016 trial docket. Plaintiff now moves the Court to enter an amended scheduling order extending all deadlines for a period of 90 days.[1]

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Further, a district court has "wide discretion in its regulation of pretrial matters", including whether to reopen discovery and to

---

[1]The only unexpired deadlines in this case are the deadlines for the parties' pre-trial submissions, i.e., motions in limine, etc. Based upon plaintiff's motion, it appears plaintiff is seeking to extend both the expired and unexpired deadlines, particularly plaintiff seeks to reopen discovery.

grant an extension of deadlines. *See Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990). Additionally, the following are relevant factors in determining whether discovery should be reopened: (1) whether the trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) whether the need for additional discovery in light of the time allowed for discovery was foreseeable, and (6) whether the discovery is likely to lead to relevant evidence. *See id.*

Plaintiff asserts that without an extension of the deadlines, she will not be given a full and fair opportunity to conduct complete discovery of the medical treatment at issue. Specifically, plaintiff asserts that she received the expert report of defendant's medical expert on January 25, 2016 and that defendant's expert opined that the cause of death of Mr. Ferguson cannot be determined with any degree of medical certainty. Plaintiff further asserts that after receiving the expert report, her counsel spoke with Dr. Duval in the Medical Examiner's office regarding the likely cause of death and that Dr. Duval stated that he was still comfortable with the most likely cause of death being a pulmonary embolus probably originating in Mr. Ferguson's leg and that the only way to be certain of the cause of death would be to exhume Mr. Ferguson's body. In lieu of exhumation, plaintiff's counsel requested their expert radiologist, Jose Spencer, M.D., to take another look at the ultrasound done at the hospital of Mr. Ferguson's lower leg. Dr. Spencer reviewed the ultrasound and reported to plaintiff's counsel that there is a clot on the ultrasound that was in Mr. Ferguson's posterior tibial vein that was missed at the time Mr. Ferguson was in the hospital. Plaintiff requests the additional time to allow further discovery into the ultrasound, including taking depositions of plaintiff's treating physicians to determine what would have been

done differently if they had known there was a clot shown on the ultrasound. Additionally, plaintiff requests the additional time to allow discovery regarding defendant's claim of contributory negligence on the part of plaintiff and Mr. Ferguson that was asserted for the first time on January 29, 2016.

Defendant vehemently opposes plaintiff's motion. Defendant contends that plaintiff did not diligently pursue discovery in this case. Further, defendant contends that in light of the evidence that Mr. Ferguson "refused" to seek medical care despite worsening symptoms prior to his death, plaintiff wants to start over. Finally, defendant contends that it would be prejudiced if the discovery deadline is reopened and the deadlines in this case are extended.

Having carefully reviewed the parties' submissions, the Court finds that discovery in this case should be reopened and that the remaining deadlines in this case should be extended by sixty (60) days. Specifically, the Court finds that plaintiff has shown good cause for reopening discovery and extending the deadlines to conduct discovery regarding the ultrasound and the contributory negligence defense based upon the recent receipt of defendant's expert report and the recent assertion of the contributory negligence defense. Initially, the Court would note that this is plaintiff's first motion to extend deadlines in this case. Further, while it might have been prudent for plaintiff to have her expert review the ultrasound earlier, it appears plaintiff did not believe the medical examiner's likely cause of death would be disputed until she received defendant's expert report on January 25, 2016. Once she received the expert report, plaintiff promptly sought confirmation of the medical examiner's cause of death and requested Dr. Spencer to review the ultrasound. Additionally, plaintiff filed the instant motion eleven days after receiving the expert report. The Court, thus, finds that there is not such a lack of diligence that would warrant denying

plaintiff's request to reopen discovery. The Court also finds that the requested discovery was not clearly foreseeable at the outset and that there is a reasonable likelihood that further discovery will lead to additional relevant evidence.

Furthermore, while this case is currently on the Court's March 2016 trial docket and trial is imminent, plaintiff is also requesting a continuance of the trial in this case. Because reopening discovery would also include moving the trial, the Court finds this factor does not weigh against granting plaintiff's motion. The Court also finds that defendant would not incur any real prejudice if discovery is reopened and the deadlines are extended by sixty days. As set forth below, the Court is only reopening discovery as to the ultrasound and the contributory negligence defense, thereby limiting any prejudice to defendant. Finally, by granting plaintiff's motion, the Court is not allowing plaintiff to start over and have a complete redo of discovery in this case.

Accordingly, the Court GRANTS plaintiff's Motion to Withdraw Plaintiff's Motion for Trial Date Certain and Motion to Extend Deadlines [docket no. 31]. Plaintiff's Motion to Set Trial Date Certain [docket no. 29] is hereby WITHDRAWN. Further, the Court EXTENDS the following deadlines as set forth below:

1. Discovery regarding the ultrasound and the contributory negligence defense to be completed by April 1, 2016;

2. Disclosure of any additional experts to be filed and additional expert reports and/or supplementation of expert reports to be submitted by March 15, 2016;[2]

3. *Daubert* motions as to any additional experts or matters supplemented to be filed by April 1, 2016;

4. Trial Docket: May 2016;

---

[2]Any additional experts and/or supplementation of expert reports shall solely relate to the issues of the ultrasound and the contributory negligence defense.

5.  Motions in limine to be filed by April 21, 2016;
    Responses due by April 28, 2016;
    [No replies to motions in limine shall be filed without leave of Court.]

6.  Designations of deposition testimony to be used at trial to be filed by April 21, 2016;
    Objections and counter designations to be filed by April 28, 2016;
    Objections to counter designations to be filed within seven (7) days thereafter;

7.  Trial briefs (optional unless otherwise ordered) to be filed by April 21, 2016;

8.  Proposed findings and conclusions of law to be filed by April 21, 2016;

9.  Any objections to the above trial submissions to be filed by April 28, 2016;

10. Proposed final pretrial report, approved by all counsel, and in full compliance with Local Rules (see Appendix IV), to be submitted to the Court by April 21, 2016.

**IT IS SO ORDERED this 19th day of February, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE