# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAWN FERGUSON, individually and as next of kin of her husband, Tague Ferguson, deceased, )))) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-15-178-M |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is plaintiff's Motion to Exclude Testimony of Johnny R. McMinn, Jr. M.D., filed February 1, 2016. On February 22, 2016, defendant filed its response. Based upon the parties' submissions, the Court makes its determination.

This is a wrongful death action. Plaintiff alleges that agents, servants, and/or employees of defendant failed to diagnose and treat her husband Tague Ferguson's medical condition, resulting in Mr. Ferguson's death. Defendant identified Johnny R. McMinn, Jr., M.D. ("Dr. McMinn") as a medical expert. In his expert report, Dr. McMinn opined that he believed Mr. Ferguson's cause of death could not be made with any degree of medical certainty and that there were too many other possibilities that confound the issue. *See* Expert Report of Johnny R. McMinn, Jr., M.D. at 6. Dr. McMinn further opined that it was plausible that Mr. Ferguson developed other problems and had very different symptoms after his September 11, 2013 visit with Dr. Drake. *See id.* Plaintiff now moves, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to exclude the testimony and opinions of Dr. McMinn regarding the cause of death of Mr. Ferguson.

Federal Rule of Evidence 702 governs the admissibility of expert testimony based upon scientific, technical, or other specialized knowledge. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court held that Rule 702 requires the trial court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589. In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999), the Supreme Court concluded that "*Daubert*'s general holding – setting forth the trial judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." 526 U.S. at 141. With respect to the all-important reliability determination, the Supreme Court further concluded that "a trial court *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But, as the Court stated in *Daubert*, the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Id.* (emphasis in original).

The "*Daubert* factors" that *may* be considered in assessing the reliability of proposed expert testimony are: (1) whether the theory or technique employed by the expert in formulating his expert opinion can be or has been tested; (2) whether the theory or technique has been subjected to peer

review and publication; (3) whether, with respect to a particular technique, there is a high known or potential rate of error; (4) whether standards control operation of the technique; and (5) whether the theory or technique is generally accepted within the relevant professional community. *Id.* at 149-50 (quoting *Daubert*, 509 U.S. at 592-94). In *Kumho Tire*, the Court recognized that in some cases "the relevant reliability concerns may focus upon personal knowledge or experience," rather than scientific foundations. *Id.* at 150. In such cases, the trial court may focus on alternative factors that are better-suited to the specific type of expertise at issue. *Id.* at 150-52. "The objective of [the gatekeeping] requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. "[T]he trial judge [has] considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.*

Further, when expert testimony is challenged under *Daubert*, the burden of proof regarding admissibility rests with the party seeking to present the testimony. *Truck Ins. Exch. v. Magnetek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004). "The focus [of the inquiry] . . . must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. "However, an expert's conclusions are not immune from scrutiny: A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (internal quotations and citation omitted). Additionally, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

The Tenth Circuit has explained the appropriate analysis as follows:

> The plaintiff need not prove that the expert is undisputably correct or that the expert's theory is 'generally accepted' in the scientific community. Instead, the plaintiff must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements.

*Truck Ins. Exch.*, 360 F.3d at 1210 (quoting *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999)).

Plaintiff asserts that Dr. McMinn's opinion regarding Mr. Ferguson's cause of death is purely speculative and not reliable and, therefore, should be excluded. Plaintiff also asserts that Dr. McMinn's opinion regarding Mr. Ferguson's cause of death will not assist the trier of fact in determining a fact in issue. Having carefully reviewed the parties' submissions, and particularly Dr. McMinn's expert report, the Court finds that Dr. McMinn's cause of death opinion is not speculative; in fact, Dr. McMinn opines that Mr. Ferguson's cause of death cannot be made with any degree of medical certainty and does not opine (or speculate) as to what the cause of death is. Further, the Court finds that Dr. McMinn's opinion that it was plausible that Mr. Ferguson developed other problems and had very different symptoms after his September 11, 2013 visit with Dr. Drake is based upon sufficient facts and data. Finally, the Court finds Dr. McMinn's opinions will assist the jury in determining a fact in issue – whether the negligence of the agents, servants, and/or employees of defendant caused Mr. Ferguson's death.

Accordingly, the Court DENIES plaintiff's Motion to Exclude Testimony of Johnny R. McMinn, Jr. M.D. [docket nos. 26 and 27].

**IT IS SO ORDERED this 23rd day of June, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE